**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **LORETTA J. MARTIN,** § | |
| Plaintiff, § | |
| § | No. 3:10-CV-0186-K (BF) |
| v. § | |
| **INDYMAC MORTGAGE SERVICES,** § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

This case was referred to the United States Magistrate Judge for Pretrial Management. On April 29, 2010, this Court entered an Order notifying Plaintiff that she is responsible for serving a summons and complaint on Defendant in accordance with the rules for service in the Federal Rules of Civil Procedure, that proper service must be made within 120 days after the filing of the complaint, and that the action is subject to dismissal without prejudice if she fails to obtain service within 120 days. *See* FED. R. CIV. P. 4(m). Additionally, the Court notified Plaintiff that when she obtains service, she must file a valid return of service with the Court or otherwise show that Defendant has been served. The Clerk sent Plaintiff a copy of FED. R. CIV. P. 4. The 120-day period for obtaining service expired on June 2, 2010. Plaintiff neither served Defendant nor requested an extension of time in which to serve it. On June 15, 2010, this Court further notified Plaintiff that by July 1, 2010, she must obtain service on Defendant or show good cause why she has not obtained proper service on Defendant. The Court told Plaintiff that this Court would recommend dismissal of her case without prejudice if she failed to comply with the June 15, 2010 Order.

Plaintiff failed to comply. She filed nothing in this case after the Complaint. She had two summons issued for Indymac, one on February 1, 2010 (doc. 3) and another on February 19, 2010 (doc. 4). However, Plaintiff gives the Court no indication that she properly served a summons and

complaint on Defendant. Defendant has not entered an appearance, and the case is forestalled at its most nascent stage.

The Federal Rules of Civil Procedure direct the court to dismiss any action in which service of process is not made within 120 days from the date of the filing of the complaint, unless good cause is shown. FED. R. CIV. P. 4(m). *See also Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (failure of plaintiff to serve defendant properly within 120 days of filing the complaint provides for the court's *sua sponte* dismissal of case without prejudice, after notice, unless plaintiff shows good cause for failure to obtain service). This case fits squarely within the parameters of Rule 4(m) which provide for the District Court's *sua sponte* dismissal without prejudice of a case such as this one. Plaintiff has failed to prosecute her case diligently despite this Court's instructions and warnings and has not shown good cause for not properly and timely serving Defendant as required by the federal rules.

### Recommendation

The Court recommends that the District Court dismiss this case without prejudice.

SO RECOMMENDED, July 7, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).